**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**HUNTINGTON DIVISION**

**UNITED STATES OF AMERICA**

**v.**                                          **Case No.: 3:15-mj-00025**

**KEVIN LASHAWN GROOMS, JR.**

**MEMORANDUM OPINION and ORDER
REGARDING DETENTION**

On the 28th day of April, 2015, came the United States of America by Lisa Johnston, Assistant United States Attorney, and came the defendant, in person and by counsel, Rhett H. Johnson, Assistant Federal Public Defender, for a continuation of a detention hearing. Also present were Detective Ben Butler, Huntington Police Department; Officer Richard Kern, Huntington Police Department; Special Agent Todd Berry, FBI; and Matthew Lambert, United States Probation Officer.

Pending before the Court is the United States' Motion for a Detention Hearing, (ECF No. 11), and Supplemental Motion for Detention Hearing. (ECF No. 16). As ordered by the Court at the preliminary hearing, the United States has filed a Memorandum of Law in Support of Supplemental Motion for Detention, (ECF No. 17), and defendant has filed a Motion for Release and Memorandum in Support of Categorical Approach for Determination of Whether 18 U.S.C. § 2261A(2)(A) is a Crime of Violence for Purposes of the Bail Reform Act. (ECF No. 18).

1

Defendant is charged with violating 18 U.S.C. § 2261A(2)(A), also known as the cyberstalking statute. He was arrested in the Hollywood, Florida area and had an initial appearance in the United States District Court for the Southern District of Florida on April 6, 2015. (ECF No. 5 at 13-16). At that time, the United States moved for a detention hearing, and the defendant waived a hearing in the district of arrest, requesting that the hearing be held in this district. Accordingly, the defendant was transported here for a preliminary hearing and a detention hearing.

On April 23, 2015, a preliminary hearing was held, and the Court found probable cause to believe that the cyberstalking statute had been violated, and that defendant had violated it. Therefore, the Court next turned to the question of detention. Counsel for the defendant objected to the detention hearing on the basis that a written motion for a detention hearing had not been filed by the Government. The Court noted that the defendant was arrested in the Southern District of Florida where he had his initial appearance. Counsel for the United States made an oral motion for detention at that hearing, and the defendant elected to waive his right to a detention hearing until he arrived in this district. (*Id.*). Accordingly, a request for detention had been made in advance of the hearing. Therefore, the Court overruled the objection. Counsel for defendant then objected to the hearing on the basis that neither the charge against the defendant, nor any other circumstance surrounding his criminal history, qualified this case for a detention hearing. Counsel for the United States argued that the case was eligible for detention as it involves a crime of violence, 18 U.S.C. § 3142(f)(1)(A), a serious risk defendant will flee, 18 U.S.C. § 3142(f)(2)(A), and a serious risk of obstruction of justice, 18 U.S.C. § 3142(f)(2)(B). After considering the arguments of counsel, the Court determined that the parties should have an opportunity to supply

legal support for their positions. Thereafter, the parties filed their motions and briefs.

Having now reviewed and thoroughly considered the issues, the Court finds that this case is eligible for a detention hearing. Specifically, as set forth below, the Court finds that 18 U.S.C. § 2261A(2)(A) is a crime of violence for purposes of the Bail Reform Act and thus provides the basis for a detention hearing under 18 U.S.C. § 3142(f)(1)(A). In addition, the case is eligible for a hearing because the United States claims that there is a serious risk that defendant will flee and that he will obstruct justice. 18 U.S.C. §§ 3142(f)(2)(A), 3142(f)(2)(B). Accordingly, the Court **GRANTS** the United States' Motion and Supplemental Motion for a Detention Hearing and, for the reasons that follow, **DENIES** defendant's Motion for Release.

### A. Title 18 U.S.C. § 2261A(2)(A) is a Crime of Violence Under the Bail Reform Act

Title 18 U.S.C. 2261A(2)(A) provides that:

Whoever--

**(2)** with the intent to kill, injure, harass, intimidate, or place under surveillance with intent to kill, injure, harass, or intimidate another person, uses the mail, any interactive computer service or electronic communication service or electronic communication system of interstate commerce, or any other facility of interstate or foreign commerce to engage in a course of conduct that--

**(A)** places that person in reasonable fear of the death of or serious bodily injury to a person described in clause (i), (ii), or (iii) of paragraph (1)(A); ...

shall be punished as provided in section 2261(b) of this title.

Defendant contends that an offense under 18 U.S.C. § 2261A(2)(A) cannot qualify as a crime of violence because it does not categorically include an element involving the use of force or threatened use of force as required by the definition of a "crime of violence" set forth in 18 U.S.C. § 3156(a)(4)(A). Defendant further argues that such an offense fails

to meet the alternate definition contained in 18 U.S.C. § 3156(a)(4)(B) because, by its nature, the offense does not involve a substantial risk that physical force may be used in committing the offense. Defendant points out that an individual may be convicted under the statute without ever having been in the physical presence of the victim and without committing any purposeful, violent, or aggressive act.

The Bail Reform Act of 1984, 18 U.S.C. §§ 3141-3150, as amended, governs the release or detention of an individual arrested for a violation of federal law. In general, an arrested individual should be released pending trial unless the judicial officer finds by a preponderance of the evidence that no condition or conditions of release will reasonably ensure the appearance of the individual at future proceedings, or finds by clear and convincing evidence that no condition or conditions of release will adequately ensure the safety of the community or any other person. 18 U.S.C. § 3142(e). Not every case qualifies for detention. Rather, before a detention hearing is held, the Government must move for detention and must state the grounds that justify such an order. Section 3142(f)(1) provides that a detention hearing shall be held on the Government's motion if the case involves (1) a crime of violence; (2) an offense carrying a penalty of life imprisonment or death; (3) a drug offense with a potential penalty of ten or more years imprisonment; or (4) a felony when the defendant has previously been convicted of two or more of the above three offenses, or comparable state offenses. 18 U.S.C. § 3142(f)(1). In addition to these grounds, a detention hearing may be held if the Government moves, or the presiding judicial officer *sua sponte* determines, that the case involves a serious risk of flight or a serious risk that the defendant will obstruct justice. Once a case is found eligible for a detention hearing, the court must assess the appropriateness of release or detention by considering certain factors set forth in Section 3142(g).

4

For purposes of the Bail Reform Act, the term "crime of violence" is defined in Section 3156(a)(4), *inter alia*, as:

> (A) an offense that has as an element of the offense the use, attempted use, or threatened use of physical force against the person or property of another;
>
> (B) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

In determining whether an offense constitutes a crime of violence, courts use a categorical approach; that is, rather than examining the offense based on the facts of a particular case, the court examines the elements of the offense. *See United States v. Spry,* 76 F.Supp.2d 719, 721 (S.D.W.Va. 1999). Defendant argues that, when applying the categorical approach to the elements of 18 U.S.C. § 2261A(2)(A), it is clear that an offense under this statute is not a crime of violence. Defendant concedes, however, that there is no binding precedent on the issue in this circuit, and the one court in this district that examined the issue held that a violation of 18 U.S.C. § 2261A(2)(A) qualified as a crime of violence under the Bail Reform Act. *United States v. Shrader,* No. 1:09-cr-00270, 2010 WL 503092, at *3 (S.D.W.Va. Feb 8, 2010).

In *Shrader,* the court examined 18 U.S.C. § 16(b), which defined a crime of violence as "an offense that is a felony and that, by its nature, involves a substantial risk that physical force ... may be used in the course of committing the offense." (*Id.*). Noting that the charge against the defendant involved the intent to "kill, injure, harass ... or cause substantial emotional distress," the court concluded that these intentions naturally involved a substantial risk of physical force. Therefore, an offense under 18 U.S.C. § 2261A(2)(A) was a crime of violence. The court rejected the defendant's argument that the allegation against him involved nothing more than the mailing of a

5

letter, which did not involve physical force. The court stressed that the categorical approach looked only to the elements of the crime, not the case-by-case factual circumstances. (*Id.*).

Although there is a paucity of cases addressing this issue, at least one other jurisdiction implicitly determined that an offense under 18 U.S.C. § 2261A(2)(A) was a crime of violence for purposes of holding a detention hearing. *See United States v. Neuzil,* No. 09-CR-2020-LRR, 2009 WL 2030373, at *2 (N.D. Iowa July 13, 2009). Additionally, the Sixth Circuit Court of Appeals accepted an offense under 18 U.S.C. § 2261A(2)(A) as a crime of violence when considering whether the Government had proven a charge under 18 U.S.C. § 924(j) regarding the use or possession of a firearm during and in relation to a crime of violence. *See United States v. Moonda,* 347 F.App'x 192, 201 (6th Cir. 2009).

Here, the defendant suggests that the court's reasoning in *Shrader* is unpersuasive in light of more recent Fourth Circuit decisions clarifying that offenses involving a broad sweep of conduct, some violent and some not, will not qualify as crimes of violence under the categorical approach. (ECF No. 18 at 4-5) (*citing United States v. Carthorne,* 726 F.3d 503 (4th Cir. 2013)). Moreover, defendant claims that determining whether an offense is a crime of violence using the portion of the definition that ignores the elements of the offense and instead relies on the "substantial risk" of physical force is suspect given the Supreme Court's current review of similar catch-all phrases for the purpose of assessing unconstitutional vagueness. (*Id.* at 5).

Although defendant's arguments are reasonable, the cases upon which he relies involve sentencing enhancements or consequences that depend upon a finding of predicate crimes of violence. Defendant ignores that this district court, like other courts

in the Fourth Circuit, has made a distinction between how crimes of violence are defined for the purpose of imposing sentencing enhancements versus determining eligibility for a pretrial detention hearing. *United States v. Spry,* 76 F.Supp.2d at 721-722. When considering whether the offense of being a felon in possession of a firearm was a crime of violence that justified a detention hearing, the court in *Spry* explained:

> [T]here are a number of significant practical, if not legal, distinctions between noticing a crime of violence at the pretrial versus the sentencing stages of a criminal case. For example, designating an offense as a crime of violence at the sentencing stage irrevocably changes the length of a defendant's sentence. Once a prior offense is categorically classified as a crime of violence, the Court's sentencing discretion is very limited, and the applicable penalties are severe. Accordingly, it would be inherently unfair, by example, to subject a defendant with buried firearms in his back yard to the increased penalties reserved for those previously convicted of crimes of violence.
>
> In contrast, designating an offense as a crime of violence pretrial merely permits (1) the Government to seek detention; and (2) the Court to peek behind the categorical treatment of the offense to determine whether conditions of release exist that will ensure the safety of the community. If a defendant's firearm possession is not of an immediately dangerous character, as with buried weapons, he probably will exit the detention hearing on his own recognizance. In the Court's view, the distinctions to be made between the sentencing and pretrial detention phases are manifest.

*Id. See also, United States v. Allen,* 409 F.Supp.2d 622, 629 (D. Md. 2006) (holding that the definition of a crime of violence for purposes of the Sentencing Guidelines need not be the same as its definition under the Bail Reform Act. "Statutes and rules created in different contexts and for different purposes may have different meanings, notwithstanding the use of similar words.") (*quoting United States v. Dillard,* 214 F.3d 88, 103 (2d Cir. 2000)); *United States v. Powers,* 318 F.Supp.2d 339, 343 (W.D. Va. 2004) (pointing out that the Bureau of Prisons' definition of a crime of violence, which includes the possession of a firearm by a felon, was a "permissible and reasonable interpretation of the statute from which the Bureau derived its authority," although the

offense was not a crime of violence under the categorical approach for sentencing enhancements) (*quoting Pelissero v. Thompson,* 170 F.3d 442, 447 (4th Cir. 1999)); *United States v. DiTrapano,* Criminal No.: 2:06-00134, 2006 WL 1805848, at *2 (S.D.W.Va. June 28, 2006) (looking at the legislative intent of the Bail Reform Act and the criminal offense to determine appropriateness of a detention hearing under the eligibility criterion for a crime of violence). While all of these cases were concerned with whether the charge of being a felon in possession of a firearm constituted a crime of violence for purposes of triggering a detention hearing, the reasoning is equally applicable in the present case. Finding an offense under 18 U.S.C. § 2261A(2)(A) to be a crime of violence in the setting of bail merely permits the court to look behind the categorical approach at the core issue of whether the defendant poses a risk to the safety of the community or other persons, such that their safety cannot reasonably be ensured even with the imposition of restrictive conditions. This type of review is particularly important in the context of a stalking or cyberstalking charge given the often obsessive compunction of the alleged offender to harm a specific person. History is replete with tragic stories of individuals being released on bond and immediately fulfilling threats of violence against the ex-spouses, family members, or partners the individuals had stalked, intimidated, and harassed.

Finally, the legislative purpose behind 18 U.S.C. § 2261A(2)(A) certainly indicates congressional intent that offenses under this section be considered crimes of violence for purposes of holding a detention hearing. Section 2261A(2)(A) was created as part of the Violence Against Women Reauthorization Act of 2005, Public Law 109-162, federal legislation specifically intended to address the problem of domestic violence and reduce violent crimes against women. Acknowledging the sobering statistic that nearly one

8

third of American women report physical or sexual abuse by a husband or boyfriend at some point in their lives, the Act implicitly recognizes that stalking and cyberstalking are crimes of violence, like sexual assault, domestic battery, and dating violence, which require the appropriation of funds for the creation of hotlines, education, training, prosecution, and punishment. *Id.* Therefore, it is both illogical and counterintuitive to conclude that the Government is precluded from requesting a detention hearing in the case of an alleged offender who fails to meet the other eligibility criteria contained in 18 U.S.C. § 18 U.S.C. § 3142(f).

### B. Order of Detention

After ruling on the propriety of the detention hearing, the undersigned heard the testimony of several witnesses and the arguments of counsel. In view of the testimony, the information contained in the Pretrial Services Report and supplemental report, and considering the arguments of counsel, the Court **ORDERED** defendant detained pursuant to 18 U.S.C. § 3142(e) and (f) based on the following findings:

### ELIGIBILITY

This case is eligible for a detention hearing because the United States of America filed a Motion asserting that the case involves a crime of violence, 18 U.S.C. § 3142(f)(1)(a); a serious risk defendant will flee, 18 U.S.C. § 3142(f)(2)(A), and a serious risk of obstruction of justice, 18 U.S.C. § 3142(f)(2)(B). As stated above, this offense is a crime of violence for purposes of a detention hearing. The Court further finds that there is a serious risk that defendant will flee based upon his prior attempts to evade arrest. In addition, the Court finds that there is a serious risk of obstruction of justice given some of the alleged threats made by the defendant to the victim. In particular, defendant has threatened the victim with physical harm, even intimating that he would murder her, while at the same time denigrating the force and effect of a domestic violence protection order. The victim expressed extreme fear for her safety when defendant was released from custody in March 2015, and at least once in the past, the victim refused to pursue assistance from the police because she feared repercussions from the defendant. Considering the victim's fear of the defendant, threats or intimidation by him have the very real potential of interfering with or preventing the victim from cooperating with the prosecution.

## STATEMENT OF REASONS FOR THE DETENTION

The Court orders the defendant detained because it finds by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of any other person; that being, the victim. The Court further finds by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of defendant as required.

## FINDINGS OF FACT

As indicated, the Court's findings are based on the testimony of the witnesses, the Pretrial Services Reports, and the proffers and arguments of counsel and include the following:

A. The offense with which the defendant is charged is a serious crime that involves cyberstalking with the intent to kill, injure, harass, intimidate, or place under surveillance with intent to kill, injure, harass, or intimidate another person.

B. There is probable cause to believe that defendant committed the offense with which he has been charged. The evidence against the defendant is strong. The victim has saved numerous text, Instagram, and other electronically-sent messages from the defendant in which he threatens to beat her, pistol whip her, and burn down her house. He also sent the victim a picture of a gun with a silencer accompanied by menacing text. The victim and defendant have a significant history of domestic violence, so the threats are not without substance.

C. Defendant has no job, no financial assets, and no positive involvement in this or any community. Additionally, defendant has no family ties to this district. Defendant has ties to Florida, where he plans to reside if released on bond, but the geographical distance from this district, combined with the seriousness of the charges against him, increase the risk of non-appearance.

D. Defendant has a long criminal history considering that he is only 22 years old. The first charges against him were filed when he was ten years old and involved firing a weapon, trespassing on school property, and resisting an officer. He was arrested four more times before reaching eighteen years of age. One of these charges was for fleeing/eluding police causing serious injury. Defendant seeks to live with his mother if released. He presumably lived with his mother when he was arrested for the above-stated offenses.

E. Since coming to Huntington in 2012 or 2013, defendant has been arrested eight times. Three arrests involved the underage consumption of alcohol. Defendant concedes that he is alcohol-dependent. He also regularly smokes marijuana. He has never received substance abuse treatment, however. Three of defendant's arrests in Huntington involved charges for either obstruction of an officer or fleeing. When he was arrested in July 2014 for domestic assault, the defendant had to be chased down by the Huntington Police Department's K-9 Unit. He was found hiding under a vehicle. After he was told to come out and stay where he was, he fled again, requiring the canine to chase after and ultimately capture him. According to documentation from Florida, when agents went to a residence to arrest the defendant on the warrant issued on the instant complaint, the

10

defendant tried to flee out of a back window. Accordingly, defendant shows a propensity to run when he is about to be apprehended by law enforcement, to hide, to disobey express directions from officers, and to obstruct justice.

F. Defendant was released on probation after his conviction for domestic assault on the victim. Conditions of his release included that he stay away from Huntington and the victim. Defendant violated both of those conditions although he had moved to Virginia and enrolled in school. Defendant returned to Huntington using an indirect route and promptly began to cyberstalk the victim. He subsequently gained access to the victim's apartment and caused property damage. As a result of violating the terms of his probation, defendant was ordered to complete his term of incarceration. Three months later, defendant was released from incarceration and, on that same day, he began sending the victim threatening messages, sending one hundred fifty eight messages in less than twelve hours. The messages continued for a couple of days, placing the victim in serious fear of physical injury. Obviously, defendant's complete disregard for the terms and conditions of his probation imply that he will not abide by terms and conditions imposed by this Court.

G. The fact that defendant still expressed such extreme rage and demonstrated a relentless and obsessive desire to intimidate and harm the victim after three months of incarceration indicate that defendant poses a substantial risk of harm to the victim. Defendant allegedly blames the victim for defendant losing his position on Marshall University's football team. He has taken no responsibility for his role in the current situation and apparently lacks insight as well. These factors increase the risk to the victim and demonstrate that defendant will abandon all common sense and good judgment for a chance to punish the victim.

H. The nature and seriousness of the danger to any person or the community that would be posed by defendant's release include the potential danger of continued violations of the law. In addition, the defendant is unlikely to abide by conditions of release.

## ADDITIONAL DIRECTIVES

Pursuant to 18 U.S.C. § 3142(i)(2)-(4), the Court directs:

A.    Defendant be committed to the custody of the Attorney General for confinement in a correctional facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal; and

B.    Defendant be afforded reasonable opportunity for private consultation with counsel; and

C.    On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which Defendant is confined shall deliver the Defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

The Clerk is directed to provide a copy of this Detention Order to the defendant, counsel of record, the Probation Department, and the United States Marshals Service.

**ENTERED:** April 29, 2015

_____

Cheryl A. Eifert
United States Magistrate Judge